

**U.S. Department of Justice**

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

November 6, 2018

Philip Cormier
83 Atlantic Avenue
Boston, MA 02110

    Re:    United States v. Scuderi's, Inc.

Dear Mr. Cormier:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Scuderi's, Inc. ("Defendant"), agree as follows with respect to the above-referenced case:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Plea Agreement charging it with: Filing False Tax Returns, 26 U.S.C. § 7206(2), for tax years 2010 – 2014. Defendant expressly and unequivocally admits that it committed the crimes charged in counts Two through Six of the Information, did so knowingly, intentionally, and willfully, and is in fact guilty of those offenses. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties on each of counts Two through Six of the Information: a fine of $500,000; five years of probation; costs of prosecution; a mandatory special assessment of $100; and restitution.

1

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that it may not withdraw its plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- in accordance with USSG §§ 2T1.1(a)(1), 2T4.1(F), Defendant's base offense level is 16, because the tax loss is $170,769;

- in accordance with USSG § 3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement, including, but not limited to, his agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the

2

criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a) a fine as determined by the Court;

(b) one year of probation;

(d) a mandatory special assessment of $500, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

(e) Giuseppe Scuderi has entered into a Plea Agreement, which has been filed at the same time as this plea agreement. The Defendant agrees to be jointly and severally liable with Giuseppe Scuderi to make restitution in the total amount of $170,769. To the extent that the Defendant pays restitution owed by Giuseppe Scuderi, Giuseppe Scuderi shall be credited with having made such payment. To the extent that Giuseppe Scuderi pays restitution owed by the Defendant, the Defendant shall be credited with having made such payment. In no event shall the Defendant and Giuseppe Scuderi be jointly liable for more than $170,769 in restitution.

During the term of supervised release or probation, Defendant must, within six months of sentencing:

3

 (i) cooperate with the Examination and Collection Divisions of the IRS;

 (ii) provide the Examination Division with all financial information necessary to determine Defendant's prior tax liabilities;

 (iii) provide the Collection Division with all financial information necessary to determine Defendant's ability to pay;

 (iv) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

 (v) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

 (a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000; and

 (b) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

If the U.S. Attorney requests, Defendant further agrees to complete truthfully and accurately the sworn financial statement enclosed with this Plea Agreement and to deliver that statement to the U.S. Attorney within 30 days of signing this Plea Agreement.

7. <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

 (a) Defendant has conferred with its attorney and understands that it has the right to challenge its conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some

circumstances, Defendant may be able to challenge its conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

(b) Defendant has conferred with its attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c) The U.S. Attorney agrees that he will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d) Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

5

8. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

9. <u>Civil Liability</u>

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the IRS to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

10. <u>Withdrawal of Plea by Defendant or Rejection of Plea by Court</u>

Should Defendant move to withdraw its guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

11. <u>Breach of Plea Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that its breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless

of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12. Who is Bound by Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. Modifications to Plea Agreement

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Alex J. Grant.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: _____
KEVIN O'REGAN
Chief, Springfield Branch Office

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with the undersigned attorney for Scuderi's, Inc. I hereby acknowledge that (a) it accurately sets forth Scuderi's, Inc.'s plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between Scuderi's, Inc. and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to Scuderi's, Inc., in connection with Scuderi's, Inc.'s change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which Scuderi's, Inc. has agreed to plead guilty, the maximum penalties for those offenses, and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to Scuderi's, Inc. by its attorney. We have had sufficient time to meet and discuss the case. We have discussed the charges against me, possible defenses Scuderi's, Inc. might have, the terms of this Plea Agreement and whether Scuderi's, Inc. should go to trial. Scuderi's, Inc. is entering into this Plea Agreement freely, voluntarily, and knowingly because Scuderi's, Inc. is guilty of the offenses to which Scuderi's, Inc. is pleading guilty and I believe this Plea Agreement is in Scuderi's, Inc.'s best interest.

_____
Giuseppe Scuderi, President of
Defendant Scuderi's, Inc.

Date: 11/29/18

I certify that Giuseppe Scuderi, President of Scuderi's, Inc. has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement of Scuderi's, Inc. freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
Philip Cormier
Attorney for Defendant

Date: _____

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with the undersigned attorney for Scuderi's, Inc. I hereby acknowledge that (a) it accurately sets forth Scuderi's, Inc.'s plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between Scuderi's, Inc. and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to Scuderi's, Inc., in connection with Scuderi's, Inc.'s change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which Scuderi's, Inc. has agreed to plead guilty, the maximum penalties for those offenses, and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to Scuderi's, Inc. by its attorney. We have had sufficient time to meet and discuss the case. We have discussed the charges against me, possible defenses Scuderi's, Inc. might have, the terms of this Plea Agreement and whether Scuderi's, Inc. should go to trial. Scuderi's, Inc. is entering into this Plea Agreement freely, voluntarily, and knowingly because Scuderi's, Inc. is guilty of the offenses to which Scuderi's, Inc. is pleading guilty and I believe this Plea Agreement is in Scuderi's, Inc.'s best interest.

_____
Giuseppe Scuderi, President of
Defendant Scuderi's, Inc.

Date: 11/29/18

I certify that Giuseppe Scuderi, President of Scuderi's, Inc. has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement of Scuderi's, Inc. freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
Philip Cormier
Attorney for Defendant

Date: 11/29/18

8